ORR *v*. STATE.

Opinion delivered April 23, 1892.

*School lands—Forfeiture of sale—Waiver by State.*

> Under section 5563 of Gantt's Digest, which provides that should a purchaser of school lands "fail to pay two installments of interest upon said purchase money, he shall forfeit said purchase, and it shall be the duty of the collector to offer such land for sale again as soon as practicable after such forfeiture," a defense to a suit on a note for the purchase money of school land which alleges a default in payment of two installments of interest is insufficient in not alleging that the State has taken steps to enforce the forfeiture.

Appeal from Miller Circuit Court.

LAWRENCE A. BYRNE, Judge.

*C. C. Hamby* for appellant.

When appellant made default in the payment of the note sued on, the land reverted to the State, and her contract of purchase was rescinded, and her cash payment remains the property of the State as a penalty to cover all damages occasioned by her default. Mansf. Digest, secs. 6283, 6284, 6290. 18 Ark. 269; 101 Mass. 479; 99 *id*. 305; Sugden on Vendors (14th ed.) p. 39; 9 A. & E. 508; 36 E. C. L. 181; L. R. 10 C. P. 538. Where a contract is rescinded by the vendor, even for the vendee's default, the vendor should restore what he has received upon the first sale. 30 Barb. 20; 4 *id*. 354; 29 *id*. 315; 63 *id*. 321; 15 S. & R. 227; 13 Ind. 484; 32 Iowa, 101; .

4 A. & E. 599 ; 5 East, 449 ; 2 Young & J. 278 ; 50 Texas, 287. The answer presented a good defense.

*W. E. Atkinson*, Attorney General, and *Chas. T. Coleman* for appellee.

Sec. 5563 Gantt's Digest and sec. 6290 Mansfield's Digest were intended to *enforce* payment of the purchase money. The penalty is intended for the debtor and not to be borne by the State. They only give the State another remedy to enforce payment. 31 Ark. 219 ; 34 Pa. St. 288 ; 54 *id.* 227 ; 63 *id.* 317 ; 96 *id.* 440 ; 12 Conn. 499 ; 5 Mich. 288 ; Endlich, Int. Stat. sec. 466, page 664.

COCKRILL, C. J.  In 1885 the State instituted suit against Belle Orr, the appellant, upon a promissory note executed March 21, 1878, due two years after date. The appellant answered, admitting the execution of the note, but denying that she was indebted thereon, " because," to quote the answer, "the said note was given for the purchase of school lands and default in the payment of interest thereon, as the law prescribes, had forfeited the contract of purchase between the plaintiff and defendant, and, under the provisions of the statutes governing such sales, the land had reverted to the State of Arkansas and was and is now subject to sale." The appellant declined to plead further after a demurrer to the answer was sustained ; judgment of recovery was rendered ; and the question is, did the answer present a defense ?

A provision of the act of 1869 in reference to the sale of school lands, which was in force when the note was executed, was as follows :

" Should said purchaser fail to pay two installments of interest upon said purchase money, he shall forfeit said purchase, and it shall be the duty of the collector to offer such land for sale again as soon as practicable after such forfeiture, as in other cases under this act." Gantt's Dig., sec. 5563.

The appellant's theory is that the statute worked a rescission of the contract upon default in payment of two installments of interest. But the language of the statue is that the purchaser shall *forfeit* his purchase, and there is a marked difference between a forfeiture and a rescission. The rescission of a contract restores the parties to the position they occupied before it was entered into ; a forfeiture works a loss, it may be of an estate or of a sum of money, or of both. When forfeitures or penalties are imposed by contract, courts of equity lean against their enforcement when they relate to matters admitting of compensation or restoration. But "where any penalty or forfeiture," says Judge Story, "is imposed by statute upon the doing or omission of a certain act, there courts of equity will not interfere to mitigate the penalty or forfeiture if incurred ; for it would be in contravention of the direct expression of the legislative will." Story's Eq. Jur., sec. 1326 ; *Farnsworth* v. *Railway*, 92 U. S. 49.

Provisions of the statute in force when this contract was entered into seem to indicate that the legislature intended, not only to work a forfeiture of the purchaser's estate in the land, but also to impose upon him the penalty of paying what he had promised in order to augment the school fund. Mansf. Dig., secs. 6130, 6138.

It is sufficient, however, to say of the answer in this case that it is defective in that it does not allege that the State had taken any steps indicating the intention to enforce the forfeiture. It is alleged that there had been a failure to pay two installments of interest, and that therefore a forfeiture resulted. But the legal conclusion thus presented is not an issuable fact, and its truth is not admitted by the demurrer. *State* v. *Stevenson*, 2 Ark. 260.

Conceding the truth of the facts alleged, title to the lands vested in the appellant, subject to the condition

that it should revert to the State if there was a failure to pay two installments of interest on the purchase money. The payment of interest becomes, then, a condition subsequent annexed to the estate transferred to the appellant, and it was for the State alone, through her agents, to take advantage of the non-performance of the condition in the manner pointed out by the legislature. *Schulenberg* v. *Harriman*, 21 Wall. 44, 63 ; *St. Louis &c. Railway Co.* v. *McGee*, 115 U. S. 469, 473.

The condition is inserted for the benefit of the vendor and not of the vendee. To give the statute the construction contended for by the appellant, who is the vendee. would place it in her power to take advantage of her own default against the wishes of her vendor. Such was not the intention of the law-makers.

The answer presented no defense, and the judgment is affirmed.